IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAURA HINES**                                                                                             **PLAINTIFF**

v.                                                                                       **CIVIL ACTION NO.: 3:21-cv-10-RP**

**KILOLO KIJAKAZI, COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION**                 **DEFENDANT**

<u>**ORDER GRANTING MOTION FOR ATTORNEY FEES**</u>

Plaintiff seeks an award of attorney's fees of $9,354.16 paid from Plaintiff's past-due disability benefits pursuant to §206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). This amount represents 25% of the $64,400.00 in past-due disability benefits awarded to Plaintiff minus the $6,745.84 previously awarded in attorney's fees pursuant to the Equal Access to Justice act. Defendant does not object to Plaintiff's counsel receiving a reasonable fee, but the Commissioner disputes whether counsel should be able to credit Plaintiff for the EAJA fees instead of reimbursing the fee and then petitioning for the portion of past due benefits. Docket 28. In his response, the Commissioner points out that if Plaintiff's counsel is awarded fees pursuant to the EAJA and Section 406(b), he must refund the amount of the smaller fee to Plaintiff. In his reply brief, Plaintiff's counsel objects to the futility of having to reimburse Plaintiff the EAJA fees only to then collect the same amount from the Commissioner. Plaintiff's counsel urges the Court to approve attorney's fees in the amount of $9,354.16 which is the difference between the total of past-due benefits withheld ($16,100.00) and the sum of the EAJA fee received ($6,745.84).

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).1 "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).2 Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

In support of his motion, Mr. Reynolds submitted the "Fee Contract for Federal Court SSI/Social Security Disability" signed by Plaintiff. Docket 27 at . 8. The agreement states in relevant part:

> [m]y attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court.
>
> *Id*.

Finding that an award of fees is appropriate, the Court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on

---

1 "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).
2 In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.
> *Id*. at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

§ 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Taking the total request of fees withheld from the Agency from Plaintiff's past-due benefits, it is clear that the fee is reasonable given that plaintiff's counsel has represented plaintiff for multiple years including multiple administrative hearings, review and submission of many pages of medical records, an appeal to federal court and a remand to the agency.

Following analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that Counsel has presented a contingency-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court. Second, the Court notes that Counsel successfully appealed Plaintiff's case to this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, Plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested, in conjunction with total EAJA fee which has been credited to Plaintiff in calculating the fee requested herein, amounts to approximately 25% of Plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A). Because Plaintiff's counsel credited the amount of the EAJA fee he already received, the undersigned does not find that counsel for Plaintiff must reimburse Plaintiff any amount.

For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees under to 42 U.S.C.§ 406(b) is **GRANTED.** Plaintiff's counsel is awarded $9,354.16 to be paid from

Plaintiff's past-due benefits withheld by the Agency.

    SO ORDERED, this, the 14th day of April, 2023.

                                              /s/ Roy Percy
                                         UNITED STATES MAGISTRATE JUDGE